11-646-ag
Dong v. Holder

BIA
Mulligan, IJ
A099 657 647

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:
>BARRINGTON D. PARKER,
>PETER W. HALL,
>DENNY CHIN,
>>*Circuit Judges.*

_____

LING DONG,
>*Petitioner,*

>v.                                                11-646-ag
>>NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,
>*Respondents.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; John M. McAdams, Jr., Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ling Dong, a native and citizen of the People's Republic of China, seeks review of a January 24, 2011, order of the BIA affirming the January 12, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong*, No. A099 657 647 (B.I.A. Jan. 24, 2011), *aff'g* No. A099 657 647 (Immig. Ct. N.Y. City Jan. 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, because Dong failed to raise her argument that she established a pattern or practice of persecution of Christians or illegal emigrants in her appeal to the BIA, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

Dong argues that she demonstrated a well-founded fear of persecution in China on the basis of her Christian faith. However, the BIA did not err in finding that in the absence of any evidence showing that the Chinese government was aware of her conversion to Christianity, Dong did not meet her burden of showing an objectively reasonable fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Dong also contends that being forbidden to practice her religion as she sees fit in and of itself constitutes persecution. This argument is misplaced, however, as Dong has shown neither that she would be forbidden from practicing Christianity nor that the Chinese government would even become aware of her conversion. Dong

2

further argues that she will be persecuted if she returns to China because she will be sterilized if she has more children.  The agency did not err in finding this claim speculative.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir. 2005).

Lastly, the agency did not err in finding that Dong failed to meet her burden to establish eligibility for CAT relief because she did not present any particularized evidence indicating that the Chinese government tortures repatriated Chinese who have attempted to illegally emigrate.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk